UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GREGORY A. SLATE,**

               **CASE NO.: 4:21-cv-390-MW/MJF**

 **Plaintiff,**

v.

**DIOP KAMAU, et al.,**

 **Defendants.**

_____/

**DEFENDANT, TYRA FERRELL'S *AMENDED* RESPONSE IN OPPOSITION TO TO PLAINTIFF'S MOTION FOR DEFAULT**
**(amended as to "conclusion" section only)**

COMES NOW the Defendant, TYRA FERRELL ("Defendant"), by and through undersigned counsel, hereby files this Response in Opposition to Plaintiff's Motion for Default, and in support thereof states:

**BACKGROUND**

Gregory Slate ("Plaintiff") filed this lawsuit against Defendant on December 18, 2020 seeking damages for defamation, defamation *per se*, and copyright infringement in the United States District Court for the District of Columbia. *See* D.E. 1. Defendant moved to dismiss the complaint for lack of personal jurisdiction, *see* D.E. 13, which the District Court for the District of Columbia granted on August 6, 2021. *See* D.E. 22, 23. On March 12, 2021, the Parties filed a Joint Scheduling

Report that provided a deadline to amend pleadings within 120 days of the scheduling order.[1]  *See* D.E. 19.

On August 6, 2021, Plaintiff filed his Motion for Leave to File First Amended Complaint or, in the alternative, to Transfer Venue.  *See* D.E. 25.  On September 20, 2021, the District Court for the District of Columbia granted Plaintiff's motion in part and transferred the matter to this Court in the Northern District of Florida.  *See* D.E. 29.  On January 4, 2022, Plaintiff renewed his Motion for Leave to Amend Complaint, *see* D.E. 45, which this Court denied on May 2, 2022.  *See* D.E. 48.  Plaintiff renewed his motion, *see* D.E. 49, and on August 31, 2022, Plaintiff filed his First Amended Complaint with permission from this Court.  *See* D.E. 54.

On August 29, 2022, this Court issued its Scheduling Order, which states: "A pleading may be amended only by the deadline set out in the joint scheduling report or on a motion showing good cause for not amending by that date. When the Federal Rules of Civil Procedure allow an amendment only with leave of court, a pleading may be amended only with leave of court."  *See* D.E. 52.  Thereafter, the Court reiterated that the Operative Scheduling Order was the Order issued August 29, 2022.  *See* D.E. 91.

---

[1] The Parties (with the exception of Defendant) filed a second joint scheduling report on August 20, 2021 with the same 120-day deadline to amend the pleadings.  *See* D.E. 24.

In his First Amended Complaint, Plaintiff brought claims for copyright infringement, defamation, defamation *per se*, intentional infliction of emotional distress, invasion of privacy and public disclosure of private facts, and tortious interference with business relationships against Defendant. *See* D.E. 54. The summons as to Defendant was issued on September 6, 2022. *See* D.E. 55-1.

On December 8, 2022, Plaintiff filed a Motion to Deem Defendant Served, *see* D.E. 73, which the Court denied that same day. *See* D.E. 74. In its Order, this Court rejected the same arguments Plaintiff advances in his Motion for Default: that that Defendant should be deemed served because she was originally served with the complaint and she answered discovery on behalf of the corporation. *See* D.E. 74. On December 8, 2022, with the Court's permission, the Clerk of Court issued an updated summons as to Defendant. *See* D.E. 75.

At no point has Plaintiff (1) moved for leave of court to amend the complaint or (2) move for an extension of time to serve Defendant. Despite these crucial omissions, Plaintiff served the Florida Secretary of State as to Defendant. For the reasons stated herein, the Court should (1) quash service of process and (2) dismiss this action as to Defendant.

## MEMORANDUM OF LAW

I.  **LEGAL STANDARD**

Prior to entering a final default judgment, the court must review the allegations of the complaint and assess whether it has jurisdiction over the non-moving party. *McGlynn v. Miami Diario, LLC*, No. 22-cv-24261-Scola/Goodman, 2023 WL 4251553, at *2-3 (S.D. Fla. June 29, 2023)

## II.   SERVICE OF PROCESS WAS IMPROPER

Although section 48.161, Florida Statutes, was amended in 2023, the statute is not to be applied retroactively. *McGlynn*, 2023 WL 4251553, at *4-5 (citing *Baxter v. Miscavige*, No. 8:22-CV-986-TPB-JSS, 2023 WL 1993969, at *3 n.4 (M.D. Fla. Feb. 14, 2023)). Rather, the statute pertaining to service of process that was in effect when the cause of action accrued is what governs. *Id.* at *4. Here, Plaintiff brought claims for copyright infringement and common-law claims, which were in the original complaint filed on December 18, 2020. The Complaint (and Amended Complaint) alleged dates giving rise to the causes of action before 2023. Consequently, the pre-2023 amendment applies.

Effectuating substitute service pursuant to § 48.161 "requires strict compliance with the statutory prerequisites because such service is an exception to personal service." *Dixon v. Blanc*, 796 F. App'x 684, 687 (11th Cir. 2020). To properly effectuate service of process pursuant to § 48.161, a plaintiff must: (1) allege facts in the complaint that bring the defendant within the purview of the substitute service statute; (2) serve the Secretary of State by providing him or her

with a copy of the summons and complaint; (3) pay the requisite fee to the Secretary of State; (4) provide notice of service upon the Secretary of State to the defendant by sending him or her a copy of the summons and the complaint by registered or certified mail; (5) file the registered or certified mail return receipt; and (6) file an affidavit of compliance on or before the return date of the process. Fla. Stat. § 48.161(1); *see also Hernandez v. State Farm Mutual Automobile Insurance Co.,* 32 So. 3d 695, 699 (Fla. 4th DCA 2010).

    Here, Plaintiff has not strictly complied with § 48.161. For example, Plaintiff has not alleged in the Complaint that Defendant is a nonresident or is otherwise concealing her whereabouts. Indeed, if Plaintiff does not allege so in the complaint, "the complaint [is] fatally defective and subject to dismissal." *Hodges v. Noel*, 675 So. 2d 248, 249 (Fla. 4th DCA 1996).[2] Furthermore, Plaintiff has not satisfied the high standard of "due diligence" when considering the factors discussed in *Wiggam v. Bamford*, 562 So. 2d 389 (Fla. 4th DCA 1990). Moreover, there is nothing in the record indicating that Plaintiff (i) sent notice to the defendant, via certified or registered mail, that substitute service has been effected through the Secretary of State, (ii) filed the return receipt from the defendant, and (iii) filed an affidavit of

---

[2] The Court should not entertain a motion to amend at this juncture because Plaintiff has not (and cannot) establish good cause for failing to meet the deadline to amend or otherwise move to amend the deadline before it expired. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419-20 (11th Cir. 1998).

compliance," which is yet another ground to quash service of process. *Green Emerald Homes LLC v. Green Tree Servicing LLC*, 230 So. 3d 607, 608 (Fla. 4th DCA 2017); *Hernandez,* 32 So. 3d at 699-700.  Due to Plaintiff not strictly complying with § 48.161, the Court should deny Plaintiff's Motion for Default.

## CONCLUSION

In sum, this case has been pending for close to three years.  Plaintiff has not properly effectuated service on Defendant and has not strictly complied with § 48.161.  In light of the non-compliance, the Court should deny Plaintiff's Motion for Default.  In the event the Court finds there was proper service (which it should not), Defendant respectfully requests leave to file an answer to the complaint.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 5.1(C), 7.1(F), AND 7.1(B)

Undersigned counsel certifies that this motion complies with the formatting and length requirements of N.D. Fla. Loc. R. 5.1(C) and 7.1(F).  The instant motion contains 1,424 words, excluding the case style, signature block, and certificates.  Defendant objects to the relief Plaintiff seeks.  Admittedly, the undersigned did write, "You will have to wait and see if you try alternative service."  There is no obligation on the undersigned to provide advice to Plaintiff's Counsel how to properly effectuate service of process.

Dated: August 10, 2023.

                              Respectfully submitted,

                              _____
                              Carlo D. Marichal
                              FBN: 99034

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to counsel and parties on the below service list.

By: _____
      Carlo D. Marichal, Esq.
      FBN: 99034
      BANKER LOPEZ GASSLER P.A.
      1200 S. Pine Island Rd., Ste. 170
      Plantation, FL 33324
      Tel.: 954-440-1336
      Fax: 954-533-3051
      cmarichal@bankerlopez.com

## SERVICE LIST

| | |
|---|---|
| **Carlo D. Marichal**<br>cmarichal@bankerlopez.com<br>Banker Lopez Gassler P.A.<br>1200 S. Pine Island Rd., Ste. 170<br>Plantation, FL 33324<br>Office: 954-703-3597<br>*Counsel for Diop Kamu and Tyra Ferrell* | **Janakan L. Thiagarajah**<br>janakan@bellwetherlaw.com<br>1 Alhambra Plaza Ste. PH<br>Coral Gables, Florida 33134<br>Office: 202−441−7211<br>*Counsel for Plaintiff* |