# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**GREGORY SLATE**

        *Plaintiff*

        **v.**

**DIOP KAMAU, et al.**

        *Defendant*

Case No.: 4:21-cv-00390-MW-MJF
Chief Judge Mark E. Walker

## PLAINTIFF'S OPPOSITION TO DEFENDANT FERRRELL'S MOTION TO QUASH SERVICE OF PROCESS AND DISMISS THE COMPLAINT

COMES NOW, the Plaintiff, GREGORY SLATE, by and through undersigned counsel, hereby files this Opposition to Defendant's Motion to Quash and Dismiss, and in support thereof states:

## RELEVANT PROCEDURAL BACKGROUND

1.    It is undisputed that Defendant Ferrell was personally served the summons and initial complaint in this matter (ECF 5).

2.    After swearing she was a resident of Tallahassee, FL (ECF 9-1), with no connection or business with the District of Columbia ("D.C.") Defendant Ferrell was dismissed from this action for lack of personal jurisdiction in the DC. Concurrent with his seeking leave to amend the complaint to secure jurisdiction over

Defendant Ferrell in D.C, Plaintiff moved in the alternative for the D.C. Court to transfer to this Court.

3.   All Defendants, including Defendant Ferrell's wholly owned and operated Defendant Telitha and her husband (ECF 26 and 27), consented to the transfer of this case to this Court because, as the D.C. Court had acknowledged, "the N.D. Fla is the only venue where all parties agree that personal jurisdiction exists for all defendants." *See* ECF 29.  The matter was thus transferred, with the amended complaint to be filed in this transferee Court.

4.   On August 31, 2022, Plaintiff filed his first amended complaint, asserting his claims over Defendant Ferrell and bringing Defendant back into this litigation. *See* ECF 54.

5.   On September 6, 2022, the first summons of the amended complaint issued (ECF 55), and the undersigned counsel hired the Leon County Sheriff's Office ("LCSO") to serve Defendant Ferrell in person again, and also mailed Defendant a request for waiver of service, summons, and amended complaint, but the waiver was never returned.

6.   On September 7, 2022, the undersigned emailed Defendant Ferrell's counsel, Carlo D. Marichal, to confirm whether he would accept service on behalf of Defendant—he refused to accept service of the summons and Amended Complaint on behalf of Defendant Ferrell (ECF 153-3) — yet in an unabashedly

paradoxical request, ***Defendant Ferrell's counsel asked that Plaintiff make sure he served copies of his discovery requests to Defendant Ferrell in "word document form."***[1]  *See* [ECF 153-4](#).

7.      The first summons and amended complaint could not be served by LCSO, who swore that despite their "due diligence" to locate and serve her, Defendant was "avoiding service" ([ECF 60](#)) and "actively avoiding service" ([ECF 64](#)).

8.      Two different certified private process servers would also indicated that they too proved unable to serve Defendant ([ECF 67](#) and [68)](#), despite her known location and numerous attempts. Plaintiff thus moved for and was granted issuance of a second summons with an additional 90 days to serve Defendant.  *See* [ECF 74](#).

9.      On January 2, 2023, amendments to section 48.161, Florida Statutes, became effective, providing, among other things: "The affidavit of compliance must set forth the facts that justify substituted service under this section and that show due diligence was exercised in attempting to locate and effectuate personal service on the party before using substituted service under this section. *The party effectuating service does not need to allege in its original or amended complaint the facts required to be set forth in the affidavit of compliance.*"

---

[1] Plaintiff has been unable to serve Defendant Ferrell any discovery requests because she is avoiding service of the summons and amended complaint and has yet to file an answer.

10.    Plaintiff hired 11 process servers in two different jurisdictions (FL and Houston, TX where Defendant owns a second home) to serve Defendant Ferrell and filed 9[2] affidavits indicating each was unable to server her as follow:

     a. Each of the 5 filed returns of service from the Leon County Sheriff's Office indicate that "after due diligence to locate" her Defendant Ferrell could not be found. ECF 60, ECF 64, ECF 99, ECF 122, and ECF 152.

     b. The return of service from the deputy at the Harris County, Texas Constable indicates to Defendant Ferrell that "the whereabouts of the said Defendant being: UNKNOWN." ECF 121.

     c. Each of the 3 returns of service filed from the private process servers are sworn (ECF 67, ECF 68, ECF 150) with one being an "Affidavit of Due Diligence (ECF 150).

4.    On July 11, 2023, Plaintiff sought (ECF 146) and the next day this Court issued (ECF 147) an alias summons to be served on Defendant, care of the Florida Secretary of State that remains valid until October 10, 2023.

5.    Undersigned counsel mailed—both via certified mail, return receipt requested, and FedEx—the letter from the Florida Department of State notifying the parties that service was accepted for Defendant Ferrell on July 12, 2023 (*see* ECF 153-8) ("Notice of Service"), a copy of the summons, and the amended complaint to Defendant at her Tallahassee Residence, the second home she owns in Houston, TX, the address of record with the court for her wholly owned and operated Telitha Entertainment Corporation, and the address for every attorney who has represented her in this matter. *See* ECF 153 ¶¶ 19-23.

---

[2] As of the filing of this pleading, one private process server and one law enforcement agency continue to attempt to effect personal service of the summons that remains valid

6.      Defendant's name appears to be signed on the return receipt confirming the delivery of the Notice of Service, summons, and amended complaint mailed to the residence Defendant owns in Houston, TX, delivered on July 22, 2023, at 2:09 pm. *See* 153-19.

7.      July 27, 2023, at 4:23 pm the return receipt was signed for the Notice of Service, summons, and amended complaint sent to the address of record with this Court (ECF 107) for Defendant's wholly owned and operated Telitha Entertainment Corp. *See* ECF 153-21.

8.      The return receipt (ECF 153-16) and tracking information (ECF 153-15) indicating that Defendant rejected the package containing the Notice of Service, summons, and amended complaint sent to her professed Tallahassee Residence claiming the "addressee unknown" was filed with this court.

9.      Undersigned counsel also emailed the Notice of Service, summons, and complaint to each email address Defendant has used to communicate with Plaintiff's past counsel, courts, and to Defendant's current attorney. *See* ECF 153-22.

10.     On August 4, 2023, undersigned counsel filed an Affidavit of Compliance, pursuant to and in accordance with Florida Statute § 48.161 as to Defendant Ferrell (ECF 153).

11.     The Affidavit of Compliance made by the undersigned states, "I am competent to testify to the matters stated herein, **_which are stated upon my personal knowledge._**" ECF 153 ¶ 1.

12.     The Affidavit of Compliance that attests to the specific due diligence used to serve Defendant, as well as the evasive tactics and improper efforts Defendant undertook to conceal her whereabouts while evading service (ECF 153 ¶¶ 4-16, 18). The Affidavit included as attachments, sworn copies of:

a. The return receipt that appears to be signed by Defendant for the package containing the Notice of Service, summons, and amended complaint delivered to the residence she owns in Houston, Texas (ECF 153-19);

b. The signed return receipt for the package containing the Notice of Service, summons, and amended complaint delivered to the address of record with the Court for Defendant's wholly-owned Telitha Entertainment Corp. (ECF 153-21);

c. The return receipt (ECF 153-16) and tracking information (ECF 153-15) indicating that Defendant rejected the package containing the Notice of Service, summons, and amended complaint sent to her professed Tallahassee Residence "addressee unknown";

d. Returned receipts for the package containing the Notice of Service, summons, and amended complaint sent to Defendant at the addresses for each of her attorneys in this case (ECF 153-17) (ECF 153-18) (ECF 153-19) (ECF 153-20);

e. Proof of delivery via FedEx to all of the address discussed in paraphs a-d above (ECF 153-11).

16.     Defendant's answer or responsive motion was due August 2, 2023.

17.     On August 7, 2023, Plaintiff filed a motion for entry of default.

18.     On August 8, 2023, Defendant filed an opposition to Plaintiff's motion for entry of default, and a motion to quash service and dismiss the complaint against her claiming:

> "there is nothing in the record indicating that Plaintiff (i) sent notice to the defendant, via certified or registered mail, that substitute service has been effected through the Secretary of State, (ii) filed the return receipt from the defendant, and (iii) filed an affidavit of compliance." ECF 157 pgs. 5-6 and ECF 158 pg. 5.

19.     On August 9, 2023, this Court ordered Plaintiff to file a reply to Defendant's opposition to the default.

20.     On August 11, 2023, as Plaintiff was preparing to file his reply, Defendant and her counsel—notably, without having at any time seeking consent for leave to amend or file an answer—filed an "amended" response in opposition to Plaintiff's Motion for Default that requests leave to file an answer to the amended complaint and reasserting that "there is nothing in the record indicating that Plaintiff" sent notice of substitute service via certified mail return receipt, filed the return receipts from defendant, and file an affidavit of compliance. ECF 160.

21.     On August 15, 2023, Plaintiff filed the court ordered reply to addressing each of Plaintiff's argument and citing the record evidence indicating Plaintiff sent notice of substitute service to the defendant (ECF 153 ¶¶ 20, 22(a-f)), filed the return receipts from the defendant (ECF 153-16; ECF 153-17; ECF 153-18; ECF 153-19; ECF 153-21), and filed and affidavit of compliance (ECF 153).

22.     After seeking and receiving leave to file a sur-reply in opposition to the

motion for default Defendant filed the same asserting:

> "Defendant's Counsel acknowledged the affidavit in Docket Entry 153.
> However, the affidavit is clearly not based on personal knowledge.
> Rather, the affidavit is based on unsworn information/statements from
> process servers." ECF 165 pg. 2.

## MEMORANDUM OF LAW

### i.    PLAINTIFF COMPLIED WITH THE 2023 AND PRE-2023 VERSIONS OF § 48.161

Defendant's lone argument cries forth that when Plaintiff served Defendant

through the Department of State on July 12, 2023, Plaintiff failed to comply with

supposed requirements of the statute. However, in arguing this point, Defendant cites

to the old version of § 48.161—and the specific language that was explicitly removed

by amendments that went into effect six months earlier on January 2, 2023.  To try

and justify this citation to the old version, Defendant cites to *Baxter v. Miscavige*,

No. 8:22-CV-986-TPB-JSS, 2023 WL 1993969, at *3 n.4 (M.D. Fla. Feb. 14, 2023)

for the proposition that "the statute pertaining to service of process that was in effect

when the cause of action accrued is what governs."  Defendant is not only incorrect

in the citation and reliance on the old statute, but it is quite clear Defendant knows

she has no argument under the current Florida statute—otherwise we would not be

arguing under this old statue.

Notably, in *Baxter* service via the Department of State occurred more than two months *before* the amendments to the statute took effect (on January 2, 2023).[3] As the court noted in *Baxter*, "Sections 48.181 and 48.161 of the Florida Statutes were amended during the pendency of this Motion with effective dates of the amendments of January 2, 2023." *Baxter*, 2023 WL 1993969, at *3. In this case Plaintiff served Defendant pursuant to 48.161 of the Florida Statutes more than 6 months *after* the statute was amended and took effect; and it was not until 7 months *after* the amendments to the statute were in effect, that any relevant motions were filed. Either way, the Court in *Baxter*, "found that [Defendant] has been served with process pursuant to section 48.161." *Baxter*, 2023 WL 1993969, at *10.

That courts have applied the current version of 48.161 of the Florida Statutes in cases filed in the preceding years substantially undercuts Defendant's argument that "the statute pertaining to service of process that was in effect when the cause of action accrued is what governs." For example, in *Lynch v. Bailey-Roka* the Court ordered: "Plaintiffs are not required to file the return receipt from Defendant but are still required to send notice to the defendant via certified mail that substitute service has been effectuated through the Secretary of State." *Lynch v. Bailey-Roka*, No. 22-14338-CIV, 2023 WL 2866549, at *2 (S.D. Fla. Jan. 10, 2023); *see also Fla. Stat. §*

---

[3] "On October 10, 2022, Plaintiffs' counsel filed a declaration of compliance with Florida Statute section 48.161." *Baxter*, No. 8:22-CV-986-TPB-JSS, 2023 WL 1993969, at *2 (M.D. Fla. Feb. 14, 2023)

*48.161(2) ("The party effectuating service shall file proof of service or return receipts showing delivery to the other party by mail or courier and by electronic means, if electronic means were used, unless the party is actively refusing or rejecting the delivery of the notice." (emphasis added))."*

The law in effect at the time-of-service controls. *Hunt v. Dep't of Air Force, a Div. of U.S.*, 787 F. Supp. 197, 199 (M.D. Fla. 1992). Further, the Florida Legislature clearly intended for the amendments to section 48.161, Florida Statutes, to apply to service after January 2, 2023 (when the amendments took effect) — and that is shown simply by the fact that service through the Department of State according to the old version of section 48.161 is literally *impossible* after January 2, 2023. This impossibility can be demonstrated in a variety of ways. First, one need only compare the first sentence of the old statute requiring Plaintiffs send "a fee of $8.75 with the public officer or in his or her office or by mailing the copies by certified mail to the public officer with the fee," with the Department of States' announcement that, "Effective 1/2/2023, there is no fee for Substitute Service of Process. Any payment received will be returned." *See* [ECF 161-1](ECF 161-1). If Defendant's assertion is correct that the old version of the statute controls in any case, whether filed now or in the future, based on when the cause of action accrued, then virtually no Plaintiff presently in court nor most Plaintiffs who will file complaints in the foreseeable future based on pre-2023 claims with have *any* recourse against an evasive defendant that conceals

their whereabouts. This would be a boon for anyone simply willing to refuse to open their door for a process server.

Notwithstanding, even if this Court were to apply the old version of sections 48.161 of the Florida Statutes, the record reflects that Plaintiff strictly complied with both the old and current versions of the statute as applicable. Defendant alleges that Plaintiff failed to comply with the old statute by:

1) Filing an affidavit of compliance Defendant claims is not based on personal knowledge despite affidavits explicit statement that is so based in the first paragraph. ECF 153 ¶ 1.
2) Failing to engage in "due diligence" required by *Wiggam v. Bamford*, 562 So. 2d 389 (Fla. 4th DCA 1990);
3) Failing to file the return receipt from the defendant;[4]
4) Failing to send notice to the defendant, via certified or registered mail, that substitute service has been effected through the Secretary of State;[5]
5) Failing plead in the complaint that Defendant is otherwise concealing her whereabouts.[6]

As cursorily discussed, and demonstrated by the cited record evidence in the footnotes to each of the above objections and more thoroughly below, each issue

---

[4] Four signed return receipts addressed to the Defendant are filed with this Court. *See* ECF 153-17; *see also* ECF 153-18; *see also* ECF 153-19; *see also* ECF 153-21. One of the signed return receipts addressed to Defendant at the second home she owns in Houston, TX, appears to bear Defendant's signature, which would demonstrate personal service under Rule 4. *See* 153-19.

[5] A copy of the notice that substitute service was accepted by the Department of State is filed at ECF 153-8, and the undersigned counsel submitted a sworn affidavit that he mailed the Notice of Service, summons, and amended complaint via USPS certified mail, return receipt, and FedEx to every address available for Defendant. *See* ECF 153.

[6] The old version of § 48.161 is devoid of any reference to a requirement to plead any facts in the complaint nor even a reference to any requirements for the contents of complaints. The current version of § 48.161 explicitly provides, "The party effectuating service does not need to allege in its original or amended complaint the facts required to be set forth in the affidavit of compliance." Fla. Stat. Ann. § 48.161 (West).

raised by Defendant is either plainly refuted by the record, the plain language of the relevant statute, or both.

### 1. THE AFFIDAVIT IS BASED ON PERSONAL KNOWLEDGE

Bizarrely, initially Defendant asserted in three different filings that, "there is nothing in the record indicating that Plaintiff [...] filed an affidavit of compliance." (ECF 157 pgs. 5-6) (ECF 158 pg. 5) (ECF 160 pgs. 5-6). But that is not true. Undersigned counsel filed a sworn "Affidavit of Compliance with Florida Statute § 48.161 as to Defendant Ferrell" (ECF 153) but *after* being served the affidavit of compliance through the Court's CM/ECF system *and* emailed (ECF 161-2) a file stamped copy of affidavit of compliance Defendant made 3 separate filings each claiming that, "there is nothing in the record indicating that Plaintiff [...] filed an affidavit of compliance." (ECF 157 pgs. 5-6) (ECF 158 pg. 5) (ECF 160 pgs. 5-6). When Defendant's reply cited to the Court the affidavit of compliance filed by the undersigned at ECF 153 Defendant filed a sur-reply conceding he now "acknowledged the affidavit in Docket Entry 153" but asserting the Affidavit is adequate because Defendant claims:

> "the affidavit is clearly not based on personal knowledge.[7] Rather, the affidavit is based on unsworn[8] information/statements from process servers."

---

[7] The first paragraph of the Affidavit of Complaints states, "I am competent to testify to the matters stated herein, which are stated upon my personal knowledge." ECF 153 ¶ 1.

[8] Each of the 3 returns of service filed from the private process servers the undersigned *personally hired are sworn* (ECF 67, ECF 68, ECF 150), with one being an "Affidavit of Due Diligence (ECF 150).

First, the undersigned's affidavit of compliance is based on his personal knowledge as explicitly stated in the first paragraph of the affidavit. ECF 153 ¶ 1. The affidavit describes how undersigned counsel *personally*:

1. mailed a request for waiver, summons, and amended complaint to Defendant hired 11 different process servers to serve Defendant. ECF 153 ¶ 6.
2. mailed certified mail return receipt the notice of service, summons, and amended complaint to the Defendant (ECF 153 ¶ 22(a-f), and
3. attests to the authenticity (ECF 153 ¶ 22(a-f) of the return receipts the undersigned personally received from the United States Postal Service which are filed as sworn exhibits to the affidavit at: ECF 153-16; ECF 153-17; ECF 153-18; ECF 153-19; ECF 153-20; ECF 153-21.

In light of these facts Plaintiff has no idea why Defendant cursorily claims "the affidavit is clearly not based on personal knowledge." With respect to Defendant's allegations the undersigned's "affidavit is based on unsworn information/statements from process servers," the fact of the matter is the affidavit references two affidavits of non-service both *sworn* "under penalty of perjury" (ECF 67 and ECF 68) and a third "affidavit of due diligence" made after the process server was "duly sworn" (ECC 150).[9] So, Plaintiff cannot fathom on what basis Defendant claims these affidavits are "unsworn." Accordingly, the Affidavit of Compliance meets the statutory requirements and service should not be quashed.

---

[9] The remaining 6 affidavits attest to the "due diligence" used to locate Defendant Ferrell and are signed by law enforcement officers specifically for the purpose of being filed with this court. ECF 60, ECF 64, ECF 99, ECF 122, ECF 121, and ECF 152.

## 2. PLAINTIFF'S DEMONSTRATED DUE DILIGENCE

Defendant decries that "Plaintiff's Counsel states in a conclusory fashion he searched every relevant private and public database, but he did not list which databases." To address this the undersigned will further describe and specifically identify each of the private and public databases used to acquire the information necessary to enable Plaintiff to effect personal service on Defendant Ferrell. Unsigned counsel searched for Defendant Ferrell in LexisNexis's Accurint database and obtained a "Comprehensive Report." Accurint's "Comprehensive Report" indicates that she resides at 9217 Hampton Glen Ct, Tallahassee, FL, where she was originally served by LCSO (ECF 5), and that she has in the past resided in: Los Angeles, California; Centre County, Pennsylvania; and Houston, TX.

As a result of the information gleaned from Accurint's "Comprehensive Report," Plaintiff's counsel conducted searches for Defendant Ferrell, using her given names and various aliases, attempting to locate any other addresses for her and or court dates where she might be able to be served using the following databases:

a. Leon County Clerk of Courts Civil Case Search[10]
b. The Leon County Property Appraiser's Database [11]
c. The Leon County Tax Collector's Database[12]
d. Statewide Official Records Search at myfloridacounty.com
e. The Harris County, Texas Tax-Assessor Search[13]

---

[10] Available at https://cvweb.leonclerk.com/public/online_services/search_courts/search_by_name.asp
[11] Available at http://www.leonpa.org/
[12] Available at https://itm.leoncountyfl.gov/itm/PropertySearchName.aspx
[13] Available at https://www.hctax.net/Property/PropertyTax

  f. The Los Angeles Office of the Assessor Search[14]
  g. Pennsylvania's Unified Judiciary Web Portal[15]

Through the Leon County Property Appraiser's Database, Plaintiff was able to determine that Defendant Ferrell still owned and resided at 9217 Hampton Glenn Court, Tallahassee, FL. The Leon County Clerk of Courts Civil Case Search Plaintiff's counsel learned that Defendant Ferrell's daughter was in foreclosure, monitored that case docket weekly, and instructed the private process server to attend any hearing in case Defendant Ferrell accompanied her daughter, but all hearings in the case were conducted remotely.

Plaintiff's counsel instructed two different private process servers that in addition to their attempt to serve Defendant Ferrell at her residence, they should monitor her daughter's residence in the event that Defendant Ferrell visited her daughter such that service could be affected there. The private process servers were similarly instructed to attempt to confirm if Defendant Ferrell still lived at her Tallahassee residence with the neighbors of the residence.

Plaintiff's counsel learned through the Harris County, Texas Tax-Assessor Search that Defendant Ferrell purchased a home in Houston, Texas, during the pendency of this litigation. Indeed, a copy of the product of the undersigned's search of the Harris County Tax-Assessor's databased is filed as an exhibit to the Affidavit

---

[14] Available at https://portal.assessor.lacounty.gov/
[15] Available at https://ujsportal.pacourts.us/CaseSearch

of Compliance at ECF 153-6.  As sworn in the Affidavit of Compliance undersigned counsel immediately and repeatedly hired both the Harris County Constable and a private process server in Texas to attempt to effect serve on Defendant Ferrell at the residence she owned in Houston, Texas.  ECF 153 ¶ 14.  In addition to the above efforts, Plaintiff's counsel monitored Defendant Ferrell's Twitter and Facebook accounts in an effort to determine where she might be served outside of her residence.

LCSO has also attempted to locate Defendant using databases available to law enforcement, swearing, "accurint says subject runs several businesses. one out of house. one in hollywood, ca and one in DC.[16]  no other current addresses listed in resources."  *See* ECF 99. Notwithstanding, Defendant has evaded service as detailed in the series of sworn unexecuted returns of service—specifically:

a. On October 3, 2022, a process server from LCSO swore: "Multiple attempts with no response, avoiding service." *See* ECF 60.

b. On October 25, 2022, LCSO swore "actively avoiding service, moving lawn ornaments to deny access to door to leave cards." *See* ECF 64.

c. On November 21, 2022, J. Lee Vausee, Jr., a certified private process server, swore that he made 7 attempts to serve Defendant Ferrell at her last known address and he located Defendant Ferrell's son-in-law who "stated he did not know a Tyra Ferrell." *See* ECF 67.

d. On November 22, 2022, Zhonta Stapelton, a certified process server, swore that he made 4 attempts to serve Defendant Ferrell including at 3425 Bannerman Rd., #164, Tallahassee, FL 32312—the address provided to this Court for Defendant Ferrell's wholly owned and operated company,

---

[16] Notably, to secure transfer from DC to this district, Defendant Ferrell swore to this Court, "I do not regularly engage, solicit, or do business in the District of Columbia." *See* ECF 9-1 ¶ 5. Plaintiff has always contended this assertion was grossly at odds with the record and reality.

Defendant Telitha (ECF 107). The address is apparently for a sushi restaurant or a UPS Store, neither of which are known to be or documented as affiliated with Defendant Ferrell (ECF 68).

e. On January 4, 2023, LCSO swore it attempted and was unable serve Defendant 8 times at her last known address. *See* ECF 99.

f. On March 30, 2023, LCSO swore it attempted but was unable to serve Defendant 5 times at her last known address but that during one attempt the process server: "went to the door and saw Diop Kamau (don jackson, the defendant) sitting at his desk. He waved and made eye contact. he immediately got up and walked to the back of the house. I knocked, saw him pass through the house again, and he never came to the door." *See* ECF 122

g. On July 27, 2023, LCSO swore it attempted but was unable serve Defendant 3 times at her last known address but that during one attempt the process server: "SAW FEMALE RUN BY WINDOW. WOULD NOT ANSWER DOOR." [emphasis in original] *See* ECF 152.

h. The last attempt by LCSO notes simply: "AVOIDANCE." [emphasis in original] *See* ECF 152.

Plaintiff submits that his efforts described in the affidavit of compliance and the numerous returns of serve more than demonstrate he "reasonably employed knowledge at his command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the circumstances, to acquire the information necessary to enable him to effect personal service on the defendant." *Wiggam*, 562 So. 2d 389, 391 (Fla. Dist. Ct. App. 1990). Accordingly, Plaintiff has demonstrated due diligence such that Defendant has been properly served and service should not be quashed.

### 3. SWORN COPIES OF THE RETURN RECEIPTS ARE FILED

Plaintiff has filed sworn copies of 4 (ECF 153 ¶ 22) signed return receipts addressed to the Defendant.  *See* ECF 153-17; *see also* ECF 153-18;  *see also* ECF 153-19; *see also* ECF 153-21. Notably, the signed return receipt addressed to Defendant at the second home she owns in Houston, TX, appears to display Defendant's signature. *See* 153-19.

It appears that Defendant may be trying to manufacture an issue from her refusal to accept the certified mail, return receipt sent to her Tallahassee Residence where she claims she is "unknown." ECF 153-15. However, it is well established that even under the old statute that "Florida courts excuse the signed-return-receipt requirement of Florida Statute § 48.161(1) if the putative defendant is actively evading service of process. *Jennings v. Montenegro*, 792 So. 2d 1258, 1261 (Fla. 4th DCA 2001); *Fernandez v. Chamberlain*, 201 So. 2d 781, 786 (Fla. 2nd DCA 1967)" *Burris v. Green*, No. 3:12-CV-521-MCR-EMT, 2015 WL 13937788, at *3 (N.D. Fla. Nov. 5, 2015).  *See also*, *Gulf Winds Fed. Credit Union v. Bldg. Comm., Inc.,* No. 3:07-CV-468/RS-MD, 2009 WL 10676622, at *1 (N.D. Fla. Mar. 4, 2009) (stating that when "[the party] is concealing [itself], the requirement of filing a return receipt with the court would be obviated.") *Leviten v. Gaunt* , 360 So. 2d 112, 113 (Fla. 3d DCA 1978) (citing *Robb v. Picarelli* , 319 So. 2d 645 (Fla. 3d. DCA 1975))."

The record clearly establishes that Defendant "has concealed her whereabouts." ECF 153 ¶ 4. Further the record reflects that Plaintiff has filed 4 signed return receipts addressed to Defendant. Plaintiff also filed unsigned return receipts (ECF 153-16) and tracking information demonstrating that Defendant refused to accept the Notice of Service, summons, and amended complaint at the address where she claims to live and returned it "addressee unknown." ECF 153-15. Therefore, Plaintiff has complied with this requirement for service under Florida Statute § 48.161(1), and properly served Defendant who has knowing and willfully failed to answer timely. Therefore, service should not be quashed.

### 4. THE AFFIDAVIT DEMONSTRATES NOTICE WAS SENT

Defendant boldly represents, contrary to undersigned counsel sworn state in the affidavit that on "July 19, 2023, I sent copies of the Notice of Service, summons, and Amended Complaint to Defendant Ferrell by the U.S. Postal Service ("USPS"), certified mail, return receipt at the following addresses" (ECF 153 ¶ 22), that there is nothing in the record demonstrating that Plaintiff "sent notice to the defendant, via certified or registered mail, that substitute service has been effected through the Secretary of State." The record reflects that Plaintiff "sent copies of the Notice of Service, summons, and Amended Complaint to Defendant Ferrell by the U.S. Postal Service ("USPS"), certified mail, return receipt" to six different addresses for Defendant. ECF 153 ¶ 22(a-f). Copies of the notice that substitute service through

the Secretary of State ([ECF 153-8](#)), summons ([ECF 147](#)), and amended complaint ([ECF 54](#)) sent to Defendant via certified mail return receipt are each in the record. Defendant has not identified any basis for asserting otherwise. Plaintiff has clearly met this statutory requirement, but Defendant simply refused to answer the amended complaint timely without good cause. Therefore, service should not be quashed.

5. **THE RECORD PROVES DEFENDANT IS CONCEALING HER WHEREABOUTS AND AN AMENDED COMPLAINT IS NOT REQUIRED**

Notably, nowhere in the old version of § 48.161 is there *any reference* to a requirement to plead any facts in the complaint nor even a reference to requirements for complaints. In fact, it appears that Defendant is desperate to convince the Court that the current version of § 48.161, and version in effect at the time of service, should not apply to this case because it explicitly provides, "The party effectuating service does not need to allege in its original or amended complaint the facts required to be set forth in the affidavit of compliance." Fla. Stat. Ann. § 48.161 (West).

According to the co-chairs of the Chapter 48 Task Force of the Business Law Section of the Florida Bar, who oversaw and directed the efforts going to the amendments forming the current version of § 48.161: these amendments "add[] specific requirements about the affidavit of due diligence that must be filed with the court, while eliminating any need for the complaint be amended to reflect those facts, a requirement **some courts** had imposed that the task force felt was duplicative and unnecessary and simply caused delay in the litigation." [emphasis added] Giacomo

Bossa & James B. Murphy, Jr., *Recent Legislative Changes to Service of Process: A New Ball Game?*, Fla. B.J., Vol. 97, No. 3 May/June 2023, at 39, 41. Plaintiff cannot locate any case in this District where this Court imposed a requirement that the complaint or amended complaint plead the defendant was concealing their whereabouts, in order to effect service under any version of § 48.161. Neither, has *Defendant* been able to *cite a single case from this District* where this Court has required Plaintiff plead a defendant is concealing their whereabouts in an amended complaint. ECF 165 pgs. 2-4. In fact the cases Defendant cites refer to alleging "the jurisdictional requirements prescribed by the applicable *long-arm statute*." *Id.* However, in this case Defendant asserts she is a resident of Florida in this District (ECF 9-1 ¶ 2), and the law of this cases establishes that, "the N.D. Fla is the only venue where all parties agree that personal jurisdiction exists for all defendants." *See* ECF 29.

Indeed, in other cases this Court has ordered entry of default against a defendant served pursuant to § 48.161 where the complaint lacked any allegation Defendant concealed its whereabouts, and did so based solely on record evidence outside the complaint. *See Gulf Winds Fed. Credit Union v. Bldg. Comm., Inc.*, No. 3:07-CV-468/RS-MD, 2009 WL 10676622, at *1 (N.D. Fla. Mar. 4, 2009) (Granting entry of default "Upon review of Building Committee's Response (Doc. 58) and the affidavits filed in support thereof (Doc. 57), I now find ample evidence on the record

of due diligence on the part of Building Committee in searching for Lafayette. The record satisfactorily establishes that the whereabouts of Lafayette is unknown and that Lafayette is likely concealing itself. Therefore, the filing of a return receipt with the court is unnecessary and Building Committee has complied with all requirements of section 48.161, Florida Statutes.")

Defendant alleges Plaintiff has failed to assert the Defendant is "concealing her whereabouts" but Plaintiff has specifically alleged that Defendant "has concealed her whereabouts by returning mail sent to her acknowledged Tallahassee Residence as "address unknown" (*see* ECF 153-15) and has, and continues to, actively evade service of process—as described below, and as demonstrated by the series of unexecuted returns of service docketed in this matter (ECF 60) (ECF 64) (ECF 67) (ECF 68) (ECF 99) (ECF 121) (ECF 122) (ECF 150) (ECF 152)." ECF 153 ¶ 4.

The affidavits attesting "due diligence" by the deputies from LCSO and the Harris County Constables Office establish Defendant is not only avoiding service (*i.e.,* "SAW FEMALE RUN BY WINDOW. WOULD NOT ANSWER DOOR." ECF 152) but taunting LSCO (*i.e.,* "went to the door and saw Diop Kamau (don jackson, the defendant) sitting at his desk. He waved and made eye contact. he immediately got up and walked to the back of the house." ECF 122) and misleading them (*i.e.,* "Deputy received a call from a private investigator representing the

family. He stated the family lives in Florida and does not live at the address on the citation. He stated he got deputy's information from a family member." ECF 121) to evade service. Therefore, service should not be quashed.

## ii. DEFENDANT WAS PERSONALLY SERVED PURSUANT TO RULE 4

Plaintiff has filed a signed return receipt addressed to Defendant and appearing to display her signature confirming her receipt of the Notice of Service, summons, and complaint mailed via United States Postal Service certified mail return receipt to the home Defendant owns in Houston, Texas. *See* 153-19. Rule 4(e)(2)(a) provides a Defendant may be served by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4. The signature on the return receipt addressed to Defendant that appears to be her own and confirm deliver of the summons and complaint to her personally at the home she owns is prima facial evidence that Defendant has been personally served pursuant to Rule 4(e)(2)(a).

Notably, Defendant has not denied that it is her signature on the return receipt even after Plaintiff pointed out her signature appeared on the return receipt in his reply to the opposition to entry of default (ECF 161 pg. 16) when Defendant was allowed a sur-reply (ECF 165). Even if Defendant denies that it is her signature on the return receipt service is still valid since it was delivered to an adult living at the residential dwelling that she owns at 4227 Dacca Drive, Houston, TX 77047. *See*

[ECF 153-6](#). Rule 4(e)(2)(b) provides a Defendant may be served by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4. The affidavit and sworn return receipt sign and addressed to Defendant at the dwelling she owns establishes she has been served pursuant to Rule 4(e)(2)(b) in addition to being served pursuant to both the old and current versions of § 48.161. So, service should not be quashed.

### iii. LEAVE TO AMEND SHOULD BE GRANTED IF SERVICE IF QUASHED

The pre-2023 version of § 48.161 provides that, "the affidavit of the plaintiff or his or her attorney of compliance shall be filed on or before the return day of the process or within such time as the court allows." Fla. Stat. Ann. § 48.161 (1995). The summons issued to Defendant for service via the Department of State is valid until October 10, 2023. *See* ECF 147. Accordingly, Plaintiff requests that if the pre-2023 Version of § 48.161 is applied such that service is quashed that Plaintiff be granted leave to file the second amended complaint attached hereto as Exhibit A and allowed until October 10, 2023, or three weeks after the second amended complaint is granted to file a new affidavit of compliance.

Good caused to grant Plaintiff leave to amend exists because the record reflects that Defendant has gone to extraordinary lengths to conceal her whereabout, avoid and evade service as repeatedly sworn to and described in detail by the LCSO, the Harris County Constable, and numerous certified private process servers. ([ECF](#)

[60](#) ([ECF 64](#)) ([ECF 67](#)) ([ECF 68](#)) ([ECF 99](#)) ([ECF 121](#)) ([ECF 122](#)) ([ECF 150](#)) ([ECF 152](#)). Further, it was impossible for Plaintiff to foresee that Defendant would take such extraordinary measures to avoid service of his amended complaint to include the facts establishing her actions to conceal her whereabout prior to the deadline for amendments because those actions had not yet taken place.

## **CONCLUSION**

In sum, Defendant has purposefully delayed these proceedings by concealing her whereabout to avoid and evade lawful service of process. Plaintiff has properly effectuated service on Defendant and has strictly complied with § 48.161, both the old and current versions. In light of Defendant extraordinary evasive tactics, Plaintiff's compliance with § 48.161, and the apparent personal service of the summons and amended complaint on Defendant at her second home in Houston, Texas (ECF [153-19](#)) pursuant to Rule 4, the Court should deny Defendant's motion to quash. Alternatively, if the Court grants the motion to quash Plaintiff should be granted leave to file the Second Amended Complaint attached hereto as Exhibit A and allowed until October 10, 2023, or three weeks after the leave to file the second amended complaint is granted, whichever is later, to file a new affidavit of compliance.

Date: <u>August 21, 2023</u>

*Janakan Thiagarajah*
Janakan Thiagarajah, Esq.
FBN: 1040171
The Bellwether Law Firm
1 Alhambra Plaza, PH Floor
Coral Gables, FL 33134
(305) 525-3052
janakan@bellwetherlaw.com

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULES</u>

The undersigned certifies that the foregoing complies with the size, font, and formatting requirements of Local Rule 5.1(C) and that the foregoing complies with the word limit in Local Rule 7.1(F); the foregoing contains 6,590 words, excluding the case style, signature block, and certificates. Further, the undersigned counsel has conferred in good faith with defendant's counsel pursuant to Local Rule 7.1(B) but has been unable resolve the issues arising from Defendant Ferrell avoidance of service, refusal to answer the amended complaint, and Defendant has explicitly opposed Plaintiff filing an amended complaint in his prior filings.

By: /s/ *Janakan Thiagarajah*
Janakan Thiagarajah

## CERTIFICATE OF SERVICE

       I hereby certify that on this 22nd day of August 2023, a copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO QUASH AND DISMISS was served by the court's electronic filing system to the following counsel and corporate representatives of record, and served via First Class Mail Postage Prepaid to the Defendant Party, as listed in the service below:

Carlo D. Marichal, Esq.
Banker Lopez Gassler P.A.
Fort Lauderdale Office Managing Shareholder
1200 S. Pine Island Road, Suite 170
Plantation, FL 33324
cmarichal@bankerlopez.com
*Counsel for Defendant Diop Kamau and Tyra Ferrell*

**TELITHA ENTERTAINMENT CORP.**
Representative Contact
Email: Sgtdcj@icloud.com
Mailing address: 3425 Bannerman Rd., #164
Tallahassee, FL 32312
Telephone: (805) 566-7960
*Defendant Telitha's Representative Contact*

**TYRA FERRELL AKA (TYRA RASMUS) (TYRA JACKSON)**
9217 Hampton Glen Court
Tallahassee, Fl 32312
*Defendant*

By:
/s/ *Janakan Thiagarajah*
Janakan Thiagarajah
(FL Bar No. 1040171)